ERNEST E. COLBURN, Respondent, v. MURRAY BROWN et al., Appellants, et al., Defendants. (Action No. 1.) ERNEST E. COLBURN, Individually and as Administrator C. T. A. of the Estate of EDITH COLBURN, Deceased, Respondent, v. MURRAY BROWN et al., Appellants, et al., Defendants. (Action No. 2.) MURRAY BROWN et al., Appellants, v. RITANGELIA CONSTRUCTION CORP., Defendant. (Action No. 3.) BERNICE BAVAL et al., Respondents, v. MURRAY BROWN et al., Appellants. (Action No. 4.) ERNEST E. COLBURN, as Administrator C. T. A. of the Estate of EDITH COLBURN, Deceased, Respondent, v. IRVING BAVALITSKY et al., Defendants. (Action No. 5.) — In five consolidated negligence actions arising out of a multi-automobile accident, the plaintiffs in Action No. 3 and defendants in Actions Nos. 1, 2 and 4 (the same persons) appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County, dated May 19, 1964 as: (1) upon the granting of reargument adhered to the original decision and (a) removed the Sullivan County Action No. 3 to Kings County, and (b) denied transfer of the five consolidated actions to Sullivan County; and (2) in effect denied the additional relief, requested upon the motion for reargument, of a change in the venue to Sullivan County for the convenience of witnesses and the interests of justice. Order modified on the law and the facts as follows: (1) by striking out from the first decretal paragraph the provision adhering to the original decision; (2) by striking out from the second, third and fourth decretal paragraphs the provisions therein placing the venue of the consolidated actions in Kings County; (3) by substituting therefor a provision granting the motion of Helyn Brown and Murray Brown, defendants in Actions 1, 2 and 4, to change the venue of Actions 1, 2, 4 and 5 from Kings County to Sullivan County, and a further provision directing that the venue of the five actions as consolidated shall be in Sullivan County; (4) by striking out the seventh decretal paragraph directing the County Clerk of Sullivan County to transfer the papers in Action No. 3 to the County Clerk of Kings County; (5) by substituting therefor a paragraph directing the County Clerk of Kings County to transmit all papers on file in Actions 1, 2, 4 and 5, pending in said county, to the County Clerk of Sullivan County, who is directed to consol-

idate the said four actions with Action No. 3, pending in Sullivan County, under the title and index number of said Action No. 3, upon service on the said County Clerk of Sullivan County of a certified copy of the order entered hereon and upon the payment of fees, if any, therefor; and (6) by striking out the fifth and sixth decretal paragraphs which amend the title of the consolidated actions and assign to them the index number presently assigned to Action No. 1 in Kings County. As so modified, order, insofar as appealed from, affirmed, with one bill of $20 costs and disbursements to appellants, payable jointly by the plaintiffs in Actions Nos. 1, 2, 4 and 5. While Action No. 3 was brought in Sullivan County after the commencement of Action No. 4 in Kings County (where the other actions are pending), nevertheless, the following considerations are present: (1) the accident occurred in Sullivan County; (2) the injured parties received initial hospital and medical treatment in Sullivan County; (3) the convenience of material witnesses will be promoted by a trial in Sullivan County; (4) in view of the comparative calendar conditions, a trial may be had in Sullivan County much earlier than in Kings County; and (5) appellants would be seriously prejudiced if their Action No. 3 pending in Sullivan County, which has advanced almost to the trial stage, were transferred to Kings County where the pending actions are still in the preliminary stages of trial preparations. Under all these circumstances, it was an improvident exercise of discretion for the Special Term to fix the venue in Kings County, rather than in Sullivan County (*Lopez* v. *Totillo,* 18 A D 2d 1107; *Engel* v. *Glick,* 14 A D 2d 815). Beldock, P. J., Ughetta, Christ, Brennan and Benjamin, JJ., concur.